MATTER OF TAFOYA-GUTIERREZ

In Deportation Proceedings

A-8935449

*Decided by Board July 18, 1969*

Where the court's recommendation against deportation was not made within 30 days of first imposing sentence pursuant to section 241(b)(2) of the Immigration and Nationality Act, it is ineffective to avert deportation, notwithstanding the motion to amend sentence was filed, and hearing thereon scheduled, within 30 days of the original sentencing.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude within five years after entry.

ON BEHALF OF RESPONDENT:
R. Stanley Ditus, Esquire
P. O. Box 463
Burlington, Colorado 80807

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The proceedings are before us on appeal from the decision of the special inquiry officer who found respondent deportable as charged and ordered his deportation to Mexico.

The respondent is a 38-year-old single male alien, a native and citizen of Mexico, who was admitted to the United States for permanent residence on March 7, 1960. He returned to Mexico on November 15, 1964, remaining there approximately six months. When he returned to the United States on May 12, 1965, he was admitted as a returning resident alien upon presenting his alien registration receipt card.

The record shows that on November 4, 1966 in the Superior Court for the State of Alaska, Third Judicial District, the respondent was convicted on his plea of guilty of the offense of rape as charged in the second count of the indictment, and sentenced to serve a term of three years, which sentence was suspended and the respondent placed on probation for a period of two years (Ex. 4, p. 2). He was thus found guilty of a crime in-

volving moral turpitude committed within five years after entry, for which he was sentenced to confinement for a period of more than a year. He is deportable under section 241(a)(4), Immigration and Nationality Act.

Counsel's first contention is that his client did not make an entry when he returned to the United States on May 12, 1965, citing the case of *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963). We do not think that the circumstances of the respondent's departure and extended stay outside the United States bring him within the rule enunciated in the *Rosenberg* v. *Fleuti* case. His absence was a meaningful and intended absence from the United States and was not a brief and casual visit which might, under the *Fleuti* rule, exempt him from the requirements of an "entry" when he returned. The respondent in this case definitely made an entry within the meaning of section 101(a)(13), Immigration and Nationality Act (8 U.S.C. 1101(a)(13)).

Counsel contends that since the court which found respondent guilty and sentenced him has made a recommendation to the Attorney General that he be not deported, these proceedings be terminated because of the provisions of section 241(b)(2), Immigration and Nationality Act (8 U.S.C. 1251(b)(2)). The facts surrounding this recommendation of the court are as follows.

Respondent was found guilty and was sentenced on November 4, 1966, which sentence was entered into the record on November 17, 1966. On December 2, 1966, counsel filed a motion to have the court amend its order by adding a recommendation against deportation. The hearing was held on this same date, and the record indicates that the District Director of the Service testified. It does not appear that any action was taken by the court at that time. On December 16, 1966, counsel filed a "Motion for Reconsideration". The record is not clear why it was necessary to move the court to reconsider the original motion, unless the court originally had denied the motion on December 2, 1966. Be that as it may, the hearing on this motion, scheduled for January 6, 1967, was continued until January 13, 1967, and continued again until January 27, 1967, at which time the court granted the motion to amend its original order to the extent of incorporating a recommendation to the Attorney General that the respondent not be deported.

Section 241(b)(2) of the Act specifically provides that the court sentencing an alien must make the recommendation at the time of first imposing judgment or passing sentence or within 30 days thereafter. This clearly did not occur in this case. A timely

recommendation has not been made.[1] It is true the motion to amend the order was filed within 30 days and the hearing scheduled within 30 days, but the court's recommendation was not made within 30 days of the original sentencing. The court has no power to enlarge its order or to enter a *nunc pro tunc* order granting the relief after the expiration of the time provided by statute. Such an action is a nullity and the courts have so held.[2] To hold otherwise would be to defeat the plain command of the statute, which limits the time within which the extraordinary power vested in the trial court must be exercised. We have followed the court's interpretation of the statute in this respect. Thus, on the basis of the evidence presented, the court's order of January 27, 1967 does not afford the respondent relief from deportation under section 241(b)(2) of the Immigration and Nationality Act.

For the above reasons, the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of S—*, 9 I. & N. Dec. 613 (BIA, 1962).

[2] *Piperkoff* v. *Murff*, 267 F.2d 72 (2 Cir., 1959); *Ex parte Eng*, 77 F. Supp. 74 (N.D. Cal., 1949). See also *Matter of S—, supra.*